**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FOR PUBLICATION

In re:                                                                    Chapter 11

Motors Liquidation Company, f/k/a General                 Case No. 09-50026 (MG)
Motors Corporation, *et al.*,                                         (Jointly Administered)

                                        Debtors.

-----------------------------------------------------
MOTORS LIQUIDATION COMPANY
AVOIDANCE ACTION TRUST, by and
through the Wilmington Trust Company,
solely in its capacity as Trust                                   Adv. Pro. No. 09-00504 (MG)
Administrator and Trustee,

                                        Plaintiff,

        v.

JPMorgan Chase Bank, N.A., *et al.*,

                                        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING THE MOVING TERM LOAN**
**LENDERS' MOTION TO SEAL AND ORDERING THAT THE UNREDACTED**
**BLACKROCK FUNDS' STATEMENTS PURSUANT TO RULE 7007.1 BE FILED**

**A P P E A R A N C E S :**

JONES DAY
*Attorneys for the Moving Term Loan Lenders*
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
By:     Bruce Bennett, Esq.
        Erin L. Burke, Esq.

MUNGER, TOLLES & OLSON LLP
*Attorneys for the Moving Term Loan Lenders*
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071
By:     John W. Spiegel, Esq.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
*Attorneys for BlackRock Funds*
1633 Broadway
New York, NY 10019-6799
By:    Andrew K. Glenn, Esq.
       Joshua N. Paul, Esq.
       Michelle G. Bernstein, Esq.
       Isaac S. Sasson, Esq.

OFFICE OF THE UNITED STATES TRUSTEE
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014-9998
By:    Brian S. Masumoto, Esq.
       Shannon Anne Scott, Esq.
       Andrea B. Schwartz, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Fed R. Bankr. P. 7007.1 requires parties in adversary proceedings, other than the debtor,

to file statements identifying the holders of 10% or more of the equity of each party.  The rule

serves several important purposes.  It enables the judge to identify potentially disabling

conflicts—a purpose that is served even if redacted statements are filed.  The rule also allows

other parties and the public to identify any person or entity with a substantial financial interest—

whether passive or active—in the outcome of the adversary proceeding, and draw their own

conclusions about any potentially disqualifying conflicts—a purpose that cannot be served if

redacted statements are filed.  Public access to bankruptcy court records is recognized as an

important policy by the Bankruptcy Code, the Bankruptcy Rules, and case law.

This contested matter raises several important issues.  When, if ever, may Rule 7007.1

statements be filed under seal, with the identities of the 10% or more owners redacted from the

public record?  Assuming that sealing may be permissible in limited circumstances, has an

appropriate evidentiary showing been made here to justify redacting the identities of the 10% or more owners of parties?

The Court unfortunately has caused confusion with respect to these questions. When the BlackRock Funds (as defined below) filed an unopposed application to file their Rule 7007.1 statements under seal, the Court entered an order granting the requested relief. When the Moving Term Loan Lenders (as defined below) filed a similar unopposed application, the Court denied relief. The Moving Term Loan Lenders quite understandably moved for reconsideration, pointing out the inconsistency in the results. There is no basis in the record for the different results. Which one was correct? To answer that question, the Court granted the motion for reconsideration, but also entered an order to show cause why the relief granted to the BlackRock Funds should not be vacated and public filing of their unredacted Rule 7007.1 statements required. The Court requested that the Office of the United States Trustee brief the issue.[1]  For the reasons explained below, the Court concludes that the Rule 7007.1 statements in this adversary proceeding must be filed in the public record without redactions.

## I.BACKGROUND

### A.    Procedural History

Pending before the Court are the motion for reconsideration of the order denying the Moving Term Loan Lenders' (as defined below) motion to file corporate ownership statements under seal (the "Motion to Reconsider," ECF Doc. # 720), and the order to show cause why the Court should not order that the BlackRock Funds' corporate ownership statement be filed in

---

[1]    In the Court's experience, private parties rarely if ever object to another party's sealing motion. The Court and the United States Trustee have generally been vigilant in protecting the public interest in public access to court records. The Court appreciates the thorough analysis of these important issues in the brief filed by the Office of the United States Trustee.

unredacted form (the "Order to Show Cause," ECF Doc. # 734). The Court heard argument on

November 17, 2016, and reserved ruling.[2]

On June 1, 2009 (the "Petition Date"), Motors Liquidation Company and affiliated

entities filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The facts of

this adversary proceeding have been recited in detail in this Court's previous opinion. *In re*

*Motors Liquidation Co*., 552 B.R. 253, 258–63 (Bankr. S.D.N.Y. 2016). A description of the

events relevant here follows.

On January 20, 2016, the Moving Term Loan Lenders[3] filed a motion seeking to redact

their Rule 7007.1 statements (the "Moving Term Loan Lenders' Motion," ECF Doc. # 371),

removing the names of the holders of 10% or more of the equity interests in the Moving Term

Loan Lenders (the "MTL Customers"). They proposed to file redacted statements on the public

record, file unredacted statements under seal, and provide the Court with unredacted statements

for *in camera* review. No objection to the Moving Term Loan Lenders' Motion was filed. On

September 1, 2016, the Court issued an order denying the Moving Term Loan Lenders' Motion

(the "September 1 Order," ECF Doc. # 717).

---

[2]    The Court ruled on the record that it would not entertain further evidence, arguments, or briefing. Hr'g Tr. 18:1–4, Nov. 17, 2016.

[3]    The "Moving Term Loan Lenders" are: Avery Point CLO, Limited; Chatham Light II CLO, Limited; Fidelity Central Investment Portfolios LLC: Fidelity Floating Rate Central Fund; Fidelity Central Investment Portfolios LLC: Fidelity High Income Central Fund 1; Fidelity Central Investment Portfolios LLC: Fidelity High Income Central Fund 2; FIAM Floating Rate High Income Commingled Pool (f/k/a Pyramis Floating Rate High Income Commingled Pool); FIAM High Yield Bond Commingled Pool (f/k/a Pyramis High Yield Bond Commingled Pool); FIAM High Yield Fund, LLC (f/k/a Pyramis High Yield Fund, LLC); Katonah III, Ltd.; Katonah IV Ltd.; Napier Park Distressed Debt Opportunity Master Fund Ltd. (f/k/a CAI Distressed Debt Opportunity Master Fund Ltd.); Nash Point CLO; Race Point II CLO, Limited; Race Point III CLO, Limited; Race Point IV CLO, Ltd.; and Sankaty High Yield Partners III Grantor Trust as successor in interest to Sankaty High Yield Partners III, L.P.

On February 3, 2016, the BlackRock Funds[4] filed a motion for leave to redact the identities of the holders of 10% or more of the equity interests in the BlackRock Funds (the "BlackRock Motion," ECF Doc. # 408), contending that those parties are the BlackRock Funds' private investors (the "BlackRock Investors"). Like the Term Loan Lenders, the BlackRock Funds proposed to file redacted statements on the public record, file unredacted statements under seal, and provide the Court with unredacted statements for *in camera* review. No objection was filed to the BlackRock Motion. On February 16, 2016, the Court issued an order granting the requested relief (the "February 16 Order," ECF Doc. # 413).

On September 7, 2016, the Moving Term Loan Lenders filed the Motion to Reconsider the September 1 Order. Given the inconsistent rulings in the September 1 Order and the February 16 Order, the Court granted the Motion to Reconsider on September 22, 2016. (ECF Doc. # 735.) On the same day, the Court issued the Order to Show Cause. The Moving Term Loan Lenders submitted a memorandum of law (the "Movants' Brief," ECF Doc. # 774), which was joined by the BlackRock Funds (ECF Doc. # 776). The United States Trustee (the "Trustee") opposes the Moving Term Loan Lenders' and the BlackRock Funds' (together, the

---

[4]     The "BlackRock Funds" are: BlackRock Corporate High Yield Fund, Inc.; BlackRock Corporate High Yield Fund III, Inc.; BlackRock Corporate High Yield Fund V, Inc.; BlackRock Corporate High Yield Fund VI, Inc.; BlackRock Debt Strategies Fund, Inc.; BlackRock Diversified Income Strategies Fund, Inc.; BlackRock Floating Rate Income Strategies Fund Inc.; BlackRock Funds High Yield Bond Portfolio; BlackRock Funds II; High Yield Bond Portfolio; BlackRock Global Investment Series: Income Strategies Portfolio; BlackRock GSAM Goldman Core Plus Fixed Income Fund; BlackRock High Incm Fund of BlackRock Bond Fund Inc.; BlackRock High Income Shares; BlackRock High Yield Trust; BlackRock Managed Account Series High Income Portfolio; BlackRock MET Investor Series TR High Yield Portfolio; BlackRock Multi Strategy Sub-Trust C; BlackRock Senior High Income Fund, Inc.; BlackRock Senior Income Series II; BlackRock Senior Income Series IV; BlackRock Strategic Bond Trust; R3 Capital Partners Master LP; The Galaxite Master Unit Trust; BlackRock Corporate High Yield Fund IV, Inc.; Corporate High Yield Fund V, Inc.; BlackRock Diversified Income Strategies Portfolio, Inc.; BlackRock High Yield Portfolio of BlackRock Series Fund, Inc.; High Yield Bond Portfolio; BGIS Income Strategies Portfolio; BlackRock High Income Fund; Managed Account Series: High Income Portfolio; R3 Capital Partners Master - Cayman Trading Portfolio; Galaxite - Citi Prime Brokerage Account; BlackRock Multi-Strategy Fixed Income; BlackRock Senior Income Fund Inc.; and Fixed Income Portable Alpha Fund – Credit.

"Movants") request to file their Rule 7007.1 statements under seal, and has submitted a

memorandum of law in opposition to the Movants' Brief (the "Opposition," ECF Doc. # 775).

### B.    The Parties' Arguments

The thrust of the Movants' argument is that the identities of the MTL Customers and

BlackRock Investors are "confidential commercial information" under section 107(b) of the

Bankruptcy Code that reveal information relating to the commercial operations of the Movants'

businesses.  (Movants' Brief at 8.)  Therefore, the Movants argue that they should be permitted

to file this information under seal.  No evidence was submitted in support of the Movants'

arguments.  The Movants cite several orders—but no opinions—entered in other cases in this

district that deemed the names of a party's owners "confidential commercial information" and

permitted the information to be redacted from publicly filed corporate ownership statements.  *See

In re Arcapita Bank B.S.C.(C)*, Case No. 12-11076, ECF Doc. # 158 (Bankr. S.D.N.Y. May 18,

2012) (granting motion of debtor to redact names of debtor's investors); *BOKF, NA v. JPMorgan

Chase Bank N.A.*, Case No. 14-08247, ECF Doc. # 45 (Bankr. S.D.N.Y. August 14, 2014)

(granting motion of defendants in adversary proceeding to file corporate ownership statements in

redacted form).  There is no indication in those orders that any objections were filed to the

requested relief.

The Trustee, relying on case law from this Court and others, responds that just because

information is non-public does not mean that it satisfies the narrow exception for protectable

confidential commercial information that must be sealed under section 107(b).  The Trustee also

correctly points out that the Movants have failed to file a declaration supporting their

confidentiality arguments.  (Opp'n at 8.)  The Trustee argues that the Movants have not

identified any market competitors who would be able to unfairly benefit from the disclosure of

this information, nor have the Movants explained who those competitors could be. (Opp'n at

10.) It is not clear, for example, how many different private equity funds each of the 10% or

more investors also invest in—"exclusivity" of investor relationships is not alleged and hardly

seems likely.

## II.LEGAL STANDARD

### A.    The Applicable Rules

Rule 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Rules") provides:

> (a)    Required Disclosure. Any corporation that is a party to an adversary proceeding, other than the debtor or a governmental unit, shall file two copies of a statement that identifies any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under this subdivision.

FED R. BANKR. P. 7007.1(a).

The parties agree on the applicability of the rule. The Movants seek to file their

corporate disclosure statements under seal in accordance with section 107(b)(1) of the

Bankruptcy Code, which provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

Section 107(b)(1) is implemented by Rule 9018, which provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected

> thereby may move to vacate or modify the order, and after a hearing
> on notice the court shall determine the motion.

FED. R. BANKR. P. 9018.

### B.    Public Policy Strongly Favors Open Access to Court Records

"In the Second Circuit, documents which are part of the court record should not remain under seal absent the most compelling reasons." *In re FiberMark, Inc.*, 330 B.R. 480, 503–04 (Bankr. D. Vt. 2005) (internal citations omitted). This Court has previously discussed the "strong presumption and public policy" favoring open access to court records.

> The right of public access is rooted in the public's First Amendment
> right to know about the administration of justice. The public interest
> in openness of court proceedings is at its zenith when issues
> concerning the integrity and transparency of bankruptcy court
> proceedings are involved, as they are in this matter.

*In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007) (internal quotation marks and citations omitted).

As courts in other circuits have observed, "[t]his governmental interest [in public access to court records] is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005) (quoting *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999)). "This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised." *In re Bell & Beckwith,* 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984).

### C.    Section 107(b) is a Limited Exception

Although there is a strong public policy favoring open access to court records, it is not unlimited. Section 107(b)(1) provides that the bankruptcy court may protect "confidential

8

research, development, or commercial information . . . ."  11 U.S.C. § 107(b)(1).  "The moving

party bears the burden of showing that the information is confidential."  *In re Borders Grp., Inc.*,

462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011) (internal citation omitted).  The burden of proof is

heavy, requiring an "extraordinary circumstance or compelling need."  *Id.* at 47 (quoting *City of*

*Hartford v. Chase*, 942 F.2d 130, 135–36 (2d Cir. 1991)).  This Court has explained:

> [s]ection 107(b) establishes an exception to the general right of
> access where under compelling or extraordinary circumstances an
> exception is necessary.  However, in most cases a judge must
> carefully and skeptically review sealing requests to insure that there
> really is an extraordinary circumstance or compelling need to keep
> this material private.  Section 107(b) is not intended to save the
> debtor or creditors from embarrassment.

*In re Food Mgmt. Grp.*, 359 B.R. at 554 (internal citations omitted); *see also* 2 COLLIER ON

BANKRUPTCY ¶ 107.03[1][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016) (stating

that this limitation must be viewed as an extraordinary measure only warranted in rare

circumstances; "[m]ere embarrassment, or harm to reputation based on [disclosure of]

nonscandalous, nondefamatory information" is insufficient; and "the dissemination of merely

prejudicial material cannot be enjoined under the provision") (cases collected).

### D.    The Bankruptcy Code Does Not Give Discretion to Bankruptcy Courts in Determining Whether Confidential Commercial Information Can or Cannot Be Filed Under Seal

"[Section] 107(b) made an important change in the common law regarding public access

to bankruptcy court records.  It is no longer left to the bankruptcy court to balance the interests of

the public and private parties in determining whether to seal records from public view."  *In re*

*Food Mgmt. Grp.*, 359 B.R. at 554.  If the information that a party requests to file under seal

properly fits any of the specified categories in Section 107(b), "the court is *required* to protect a

requesting interested party and has no discretion to deny the application."  *Video Software*

*Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir.

9

1994) (emphasis in original); *see also* 2 COLLIER ON BANKRUPTCY ¶ 107.01 ("On request of a

party in interest, the court *must* protect an entity with respect to confidential commercial

information.") (emphasis added).  However, if the information does *not* fall into a specified

category, the information *must* be made publicly available.  *In re Food Mgmt. Grp*., 359 B.R. at

554.

Still, bankruptcy courts have discretion when "deciding how to protect commercial

information" and determining the form of relief granted.  *In re MF Glob., Inc.*, No. 11-2790 MG

SIPA, 2012 WL 3260393, at *3 (Bankr. S.D.N.Y. Aug. 8, 2012).  Redacting portions of a

document containing protectable information is preferable to wholesale sealing.  *See id.*  This is

because "[t]he policy favoring public access supports making public as much information as

possible while still preserving confidentiality of protectable information."  *Id.*; *see also In re

Glob. Crossing Ltd.*, 295 B.R. 720, 726 (Bankr. S.D.N.Y. 2003) (holding that a protective order

would be "'narrowly tailored' so as to allow as much public access as possible.").

### E.    "Commercial Information" Under the Bankruptcy Code

In order to file this information under seal, the Movants must show that the identities of

the MTL Customers and BlackRock Investors are "commercial information" under the

Bankruptcy Code.  "The 'commercial information' exception is not intended to offer a safe

harbor for those who crave privacy or secrecy for its own sake."  *In re Dreier LLP*, 485 B.R.

821, 822–23 (Bankr. S.D.N.Y. 2013).  Although the information need not rise to the level of a

"trade secret," the information must be "so critical to the operations of the entity seeking the

protective order that its disclosure will unfairly benefit the entity's competitors."  *In re Borders*,

462 B.R. at 47–48 (quoting *In re Barney's, Inc.*, 201 B.R. 703, 708–09 (Bankr. S.D.N.Y. 1996)).

Evidence—not just argument—is required to support the extraordinary remedy of sealing.  *See In

*re Dreier LLP*, 485 B.R. at 823 (finding that "conclusory statements in [a declaration] are not probative").

It is far from clear that the identities of the owners of 10% or more of the equity interests of a party in an adversary proceeding can ever be confidential commercial information within the meaning of section 107(b).  However, it is unnecessary to decide that question today.  Even assuming that section 107(b) is applicable to Rule 7007.1 disclosures, here, the Movants have failed to establish that the required high standard has been met.

## III.   DISCUSSION

### A.   The Movants Give Short Shrift to The Public Policy of Transparent Proceedings

The parties agree that Rule 7007.1 was enacted so that judges may determine whether or not a conflict exists which would necessitate recusal.  *See GE Money Bank v. McGraw (In re Lewis McGraw)*, 2007 WL 1076690 at *5 (Bankr. N.D. Ala. Apr. 5, 2007).  However, the Movants go too far in arguing that, so long as this purpose is satisfied, a court should permit filing under seal.

While enabling the judge to determine whether he or she has a disqualifying conflict of interest is most certainly *one* of the goals of Rule 7007.1, it is not the only goal.  The Movants fail to consider that courts are accountable to other parties *and* the public when determining whether a conflict of interest exists.  Public filings permit the public to view the information courts use in this determination.[5]  This inspires public confidence in the integrity of the federal courts, ensuring that the federal judiciary provides a fair and neutral forum for the resolution of conflicts, free from even the appearance of impropriety.  Public filings advance the goal of

---

[5]      Section 107(a), on its face, also has the goal of preserving the public's right of access to judicial records in bankruptcy proceedings.  *See In re Dreier LLP*, 485 B.R at 822.

transparent proceedings.  This strong policy is overridden only where Congress—by means of the Bankruptcy Code—has explicitly instructed courts to do so.

This District, in particular, recognizes the importance of Rule 7007.1 and its purpose. This District has clarified Rule 7007.1 by adopting a local bankruptcy rule requiring that partnerships and joint ventures, and not just corporations, must file corporate ownership statements when they are parties to an adversary proceeding.  *See* Bankr. S.D.N.Y. R. 7007.1-1 & cmt.

**B.      The Movants Have Failed to Establish That the Identities of the MTL Customers and BlackRock Investors are Protectable Commercial Information**

The Movants rely on orders entered in other cases protecting similar information under section 107(b).  (Movants' Brief at 1.)  However, an unpublished order without discussion or citation of authority does not have the force of precedent.  *See In re Spell*, 650 F.2d 375, 377 (2d Cir. 1981) (observing that "an unpublished order" should "ordinarily not be cited as precedent in other proceedings").  Orders often do not show whether a motion was contested, and proposed orders prepared by counsel usually do not provide any detailed reasoning.  Accordingly, it is inappropriate to rely on orders entered in uncontested matters as support for requested relief in a contested matter.[6]  The Court finds the orders cited by the Moving Term Loan Lenders (including the previous sealing order entered by this Court in favor of the BlackRock Funds) to be unpersuasive.

---

[6]      With respect to the sealing orders entered in other cases referenced by the Movants, a review of the dockets in those cases shows that those matters were apparently uncontested.  While those orders may have reached the correct results on the facts of those cases, that conclusion cannot be supported from the orders alone.  Therefore, the Court cannot derive any precedential value from those orders.  Quite clearly, no weight should be given to this Court's prior order permitting the BlackRock Funds to seal their Rule 7007.1 statements.

Movants do not cite any binding case authority holding that the type of information they seek to seal is "commercial information" under the Bankruptcy Code. When asked at oral argument if the Movants had any case authority that provides for the sealing of the information required by 7007.1, the Movants could provide none. Hr'g Tr. 19:7–20:4. The Court is not aware of any such decisions.

Moreover, the Moving Term Loan Lenders provide no competent evidence why—even assuming they ordinarily keep the names of investors confidential—the information they seek to file under seal would be considered "commercial information" under the Bankruptcy Code. The Movants provide only conclusory statements regarding the information's commercial importance, and statements made by lawyers in briefs are not evidence. *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence.") (internal citations omitted). To put it clearly, just because information may be "confidential" does not mean it is "commercial information" entitled to the extraordinary procedure of sealing.

Accordingly, the Movants do not meet their evidentiary burden to show why this information is "commercial information" under the Bankruptcy Code. When asked by the Court to point to evidence in the record, the Movants responded with argument. Hr'g Tr. 24:11–14, 21–23. *See In re Dreier*, 485 B.R. at 823 (stating that movant who submitted only "conclusory statements" "failed to show that [the information's] disclosure in a public filing would place [the movant] at a competitive disadvantage").

## C.    Rule 1007 Does Not Apply

With no case law supporting their argument about Rule 7007.1, the Movants heavily rely upon *In re Northstar Energy, Inc.*, 315 B.R. 425 (Bankr. E.D. Tex. 2004), a case dealing with

Rule 1007.  In that case, a chapter 11 debtor was permitted to file a list of its investors under

seal.  *Id.* at 429–31.  *Northstar Energy* is inapplicable here.  First, *Northstar Energy* involved the

application of Rule 1007, a rule that is applicable to *debtors*, not to non-debtor parties in an

adversary proceeding.  *Id.* at 428.  Rule 1007(j) expressly provides limited authority for filing

lists required under Rule 1007(a) to be filed under seal.  Rule 7007.1, however, governs

adversary proceedings, and does not expressly grant bankruptcy courts authority to permit

mandatory filings under Rule 7007.1 to be made under seal.  *Northstar Energy* also relied on the

particulars of that debtor's business to find that its list rose to the level of "commercial

information."

> Debtor has a *rather unique niche in the oil and gas business*.  Its
> investor procurement functions are crucial to its business plan, but
> those functions would be severely jeopardized by the unrestricted
> publication of its investor list which would likely be utilized by
> competing promoters to the detriment of the Debtor and those
> creditors whose claims the Debtor is attempting to address in this
> proceeding.  *Such disclosure would expose the heart and soul of the
> commercial operations of this Debtor.*

*In re Northstar Energy*, 315 B.R. at 429–30 (emphasis added).

Cases dealing with "impounding of lists," expressly authorized by Rule 1007(j) for

portions of a debtor's schedules, do not address the separate concerns arising from Rule 7007.1,

applicable to parties other than the debtor in adversary proceedings.  The argument for sealing

here depends on section 107(b) (assuming it applies to the identities of 10% or more ownership

interests), not Rule 1007.  Protection under section 107(b) requires compelling evidence to prove

that the information is protectable "commercial information," something completely absent here.

The Movants have not shown that disclosing this information will expose their hearts and souls

to competitors waiting to pounce upon them.  At most, the Movants have shown that disclosure

will be inconvenient; the public's right to open courts must prevail over the inconveniences of litigation.

### D.      The February 16 Order Is Vacated

It is unclear whether the burden to unseal the BlackRock Funds' Rule 7007.1 statement lies with the Movants or with the Trustee.  In the first instance, of course, those seeking to seal information have the burden of proof.  *See In re FiberMark*, 330 B.R. at 506 ("Having found that the presumption of public access applies to the [Examiner's] Report, and that the Seal Proponents have the burden of proof under § 107, the Court examines whether the Seal Proponents have met their burden of proof to rebut that presumption and have proved facts and circumstances sufficient to warrant an exception to the general public access rule.").  Presented now with whether to unseal the Rule 7007.1 statement, "[t]he salient question is whether the [movants] have met their burden for keeping the [Rule 7007.1 statement] out of the public domain." *Id.* at 504.  But whoever bears the burden of proof in these circumstances, it is clear that no evidentiary basis exists to maintain sealing of the BlackRock Funds' Rule 7007.1 statement.

The Court concludes that the February 16 Order was improvidently granted—it was the Court's error that led to the granting of the uncontested sealing application and the entry of the order.  The mistake came to light when the Moving Term Loan Lenders filed the Motion to Reconsider after their sealing application was denied.  What the Court perceives as its own mistake in ruling on the BlackRock Funds' sealing application has now been corrected.

## IV.      <u>CONCLUSION</u>

For the reasons explained above, the Moving Term Loan Lenders' Motion is **DENIED**. Additionally, based on the Order to Show Cause, the February 16 Sealing Order granting the

BlackRock Funds' sealing application is **VACATED** and their sealing application is **DENIED**.

The unredacted Rule 7007.1 statements shall be filed on ECF within 14 days from the date of

this Order.

       **IT IS SO ORDERED.**

Dated: December 9**,** 2016
      New York, New York

             *Martin Glenn*

             MARTIN GLENN
         United States Bankruptcy Judge