**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al*.,

                              Debtors.

------------------------------------------------------------------------x

MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                              Plaintiff

                   against

JPMORGAN CHASE BANK, N.A., *et al.*,

                              Defendants.

------------------------------------------------------------------------ x

Chapter 11

Case No. 09-50026 (MG)
(Jointly Administered)

Adversary Proceeding Case

No. 09-00504 (MG)

## STIPULATION AND ORDER AMENDING AND SUPERSEDING CERTAIN PRIOR ORDERS REGARDING DISCOVERY AND SCHEDULING

**WHEREAS**, on August 17, 2015, the Court entered an *Order Regarding Discovery and Scheduling* (ECF No. 153) (the "**August 17, 2015 Order**"), setting forth the schedule for discovery in the above-captioned adversary proceeding (the "**Action**");

**WHEREAS**, on March 28, 2016, the Court entered the *Second Stipulation and Order Amending and Supplementing Order Regarding Discovery and Scheduling [ECF 153]* (ECF No. 442) (the "**March 28, 2016 Order**"), paragraph 1 of which amended the August 17, 2015 Order to establish separate, later discovery and motion deadlines relating to certain cross-claims filed against JPMorgan Chase Bank, N.A. ("**JPMorgan**") (the "**Cross-Claim Discovery**");

**WHEREAS**, on May 4, 2016, the Court entered an *Order Amending the August 17, 2015 "Order Regarding Discovery and Scheduling" To Provide For Proceedings Concerning*

*Characterization and Valuation of Representative Assets* (ECF No. 547) (the "**May 4, 2016 Order**"), staying certain discovery identified in paragraph 2 of the May 4, 2016 Order (the "**Stayed Discovery**") and setting discovery and motion deadlines for additional proceedings addressing the Collateral Identification Issues and Valuation Principles Issues (as defined in the May 4, 2016 Order) with respect to 40 representative assets selected by the parties (the "**Representative Assets**"), while otherwise leaving the deadlines in the August 17, 2015 Order in effect;

**WHEREAS**, on June 22, 2016, the Court entered the *Stipulation and Order Amending and Supplementing Order Regarding Discovery and Scheduling (ECF Doc. # 153)* (ECF No. 634) (the "**June 22, 2016 Order**"), which amended the discovery deadlines established in the August 17, 2015 Order with respect to discovery concerning the circumstances of the filing of the UCC-3 at issue in this Action (the "**UCC-3 Discovery**"), to align the deadlines concerning UCC-3 Discovery with the deadlines concerning Cross-Claim Discovery, as established by the March 28, 2016 Order;

**WHEREAS**, on August 3, 2016, the Court entered the *Stipulation and Order Amending and Superseding Prior Orders Regarding Discovery and Scheduling (ECF Nos. 153 and 547)* (ECF No. 696) (the "**August 3, 2016 Order**"), which amended the discovery deadlines established in the August 17, 2015 Order and May 4, 2016 Order with respect to all discovery other than the Cross-Claim Discovery, the UCC-3 Discovery, and the Stayed Discovery;

**WHEREAS,** on December 2, 2016, the Court entered the *Stipulation and Order Amending and Superseding Certain Prior Orders Regarding Discovery and Scheduling* (ECF No. 805) (the "**December 2, 2016 Order**"), which amended the discovery deadlines established

2

in the August 3, 2016 Order with respect to all discovery other than Cross-Claim Discovery, the UCC-3 Discovery and the Stayed Discovery;

**WHEREAS**, the Court held a trial on 40 Representative Assets and certain additional issues between April and June 2017;

**WHEREAS**, the Court issued its decision on the issues raised at the 40 Representative Assets trial on September 26, 2017 (and as corrected on October 4, 2017, the "**Decision**");

**WHEREAS**, as set forth in the December 2, 2016 Scheduling Order, after receiving the Decision, Plaintiff and the members of the Defendants' Steering Committee, along with the Motors Liquidation Company General Unsecured Creditors Trust and other parties in interest, have attempted to mediate a resolution of the Action;

**WHEREAS**, Plaintiff and the members of the Defendants' Steering Committee have jointly concluded that a comprehensive, mediated resolution of the Action is not possible at this time;

**WHEREAS**, pursuant to the December 2, 2016 Scheduling Order, other than UCC-3 Discovery and Cross-Claim Discovery, all discovery concerning any defense asserted by any defendant and discovery with respect to Collateral Identification Issues and Valuation Principles Issues for collateral other than the Representative Assets has been stayed;

**WHEREAS**, as contemplated by the December 2, 2016 Scheduling Order, Plaintiff and the members of the Defendants' Steering Committee have met and conferred "as to the schedule for the reopening of fact discovery and the appropriateness of summary judgment or additional trials on any issues not yet addressed by the Court";

3

**WHEREAS,** Plaintiff and the members of the Defendants' Steering Committee have also identified (a) a number of disputes that one or both parties believe can be addressed through motion practice immediately, without additional discovery ("**Motion Issues**") (as set out in the pre-motion letters filed contemporaneously herewith); (b) a number of disputes as to which both parties believe additional discovery is required or as to which there is a dispute about whether additional discovery is required before the issues are capable of resolution ("**Initial Discovery and Trial Issues**") (as set out in the pre-motion letters filed herewith or the responses thereto); and (c) a number of disputes that the parties agree should be the subject of additional mediation sessions ("**Mediation Issues**") but that may require motion practice, additional discovery, and/or trial in the future if not resolved through mediation (a schedule listing the Mediation Issues and scheduled mediation dates for each Mediation Issue is attached as Exhibit A hereto);

**WHEREAS**, as also contemplated by the December 2, 2016 Scheduling Order, counsel for Plaintiff and counsel for the members of the Defendants' Steering Committee now submit to the Court this proposed schedule for additional proceedings regarding Motion Issues, Initial Discovery and Trial Issues, and Mediation Issues;

**IT IS HEREBY STIPULATED AND AGREED**, by and among counsel for the undersigned parties:

1. **Motion Issues:** The following deadlines shall apply to Motion Issues:

| | |
|---|---|
| **July 31, 2018** | Pre-motion letters to the Court identifying the issues that each party contends should be addressed by the Court through motion practice without additional discovery |
| **Aug. 10, 2018** | Responses to pre-motion letters |

4

| | |
|---|---|
| **Date to be determined by the Court** | Pre-motion conference |
| **30 days from Pre-motion conference** | Opening briefs on Motion Issues due |
| **60 days from Pre-motion conference** | Opposition briefs on Motion Issues due |
| **75 days from Pre-motion conference** | Reply briefs on Motion Issues due |
| **Date(s) to be determined by the Court** | Oral argument on Motion Issues |

2.      To the extent that the Court declines to hear one or more of the Motion Issues or one or more of the Motion Issues are not fully resolved through motion practice, the parties will meet and confer and determine whether the issue or issues should be addressed first through additional mediation sessions or whether the issue should be addressed through additional discovery and/or trial.  Following any agreed upon mediation sessions on the issue, the parties will meet and confer on a proposed schedule for additional discovery and/or trial on the issue and submit that schedule to the Court.

3.      **Initial Discovery and Trial Issues:**  Document discovery on Initial Discovery and Trial Issues will resume on August 14, 2018.

4.      Within 30 days from the pre-motion conference with the Court, the parties shall submit a comprehensive discovery plan for Initial Discovery and Trial Issues.  Should the parties agree after additional discovery that additional mediation sessions on any of the Initial Discovery and Trial Issues would be useful, the parties will so inform the Court.

5.      **Mediation Issues:**  The parties agree that they will continue to engage in mediation regarding the Mediation Issues.  A schedule listing the Mediation Issues and the

5

agreed to dates for each session is attached as Exhibit A.  The parties will file monthly reports on the status of mediation efforts on or before the last business day of each month, beginning August 30, 2018.  To the extent a party believes that there are issues on which continued mediation is no longer useful, the parties will identify that issue for the Court in the monthly status reports.  For any such issues that are identified for the Court, the parties will also meet and confer with regard to a proposed schedule for motion practice, additional discovery, and/or trial and present the proposed schedule to the Court.

6.      **Adjustments to Schedule:**  Each party reserves its rights to apply to the Court for adjustment of any of the deadlines herein, and each party reserves its right to oppose any such application.  In particular, the parties may apply jointly to the Court for an extension at any time if they believe that resumed mediation of a global resolution of the Action may be fruitful.

7.      Nothing in this Scheduling Order is intended to modify the schedule for Cross-Claim Discovery, which shall remain stayed, subject to either side's right to seek a lift of the stay after meeting and conferring and providing 30-days' notice of the intent to seek a lift of the stay.

Dated: New York, New York
      July 31, 2018

**BINDER & SCHWARTZ LLP**

By:    /s/ Eric B. Fisher     
    Eric B. Fisher
    Neil S. Binder
    Lindsay A. Bush
    Lauren K. Handelsman
    366 Madison Avenue, 6th Floor
    New York, New York 10017
    Telephone: (212) 510-7008
    Facsimile: (212) 510-7299
    Email: efisher@binderschwartz.com

*Attorneys for Plaintiff Motors Liquidation
Company Avoidance Action Trust*

New York, New York
July 31, 2018

**WACHTELL, LIPTON, ROSEN & KATZ**

By:    /s/ Marc Wolinsky     
    Harold S. Novikoff
    Marc Wolinsky
    Amy R. Wolf
    51 West 52nd Street
    New York, New York 10019
    Telephone: (212) 403-1000
    Email: MWolinsky@wlrk.com

**KELLEY DRYE & WARREN LLP**

By:    /s/ John M. Callagy     

    John M. Callagy
    Nicholas J. Panarella
    Martin A. Krolewski
    101 Park Avenue
    New York, New York 10178
    Telephone: (212) 808-7800
    Email: jcallagy@kelleydrye.com

**JONES DAY**

By:    /s/ C. Lee Wilson     

    C. Lee Wilson
    250 Vesey Street
    New York, New York 10281
    Telephone: (212) 326-3885
    Email: clwilson@jonesday.com

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**JONES DAY**

By:    /s/ Bruce Bennett

Bruce Bennett
Erin L. Burke
555 South Flower Street, 50th Floor
Los Angeles, California  90071
Telephone:  (213) 489-3939
Email:  bbennett@jonesday.com
Email:  eburke@jonesday.com

Gregory M. Shumaker
Christopher J. DiPompeo
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Telephone:  (202) 879-3939
Email:  gshumaker@jonesday.com
Email:  cdipompeo@jonesday.com

**MUNGER, TOLLES & OLSON LLP**

By:    /s/ John W. Spiegel

John W. Spiegel
Matthew A. Macdonald
Bradley R. Schneider
350 South Grand Avenue, 50th Floor
Los Angeles, California  90071
Telephone:  (213) 683-9100
Email:  john.spiegel@mto.com
Email:  matthew.macdonald@mto.com
Email:  bradley.schneider@mto.com

Nicholas D. Fram
560 Mission Street, 27th Floor
San Francisco, California  94105
Telephone:  (415) 512-4000
Email:  nicholas.fram@mto.com

*Attorneys for the Term Loan Lenders Listed on
Appendix A to Dkt. No. 241*

8

**KASOWITZ BENSON TORRES & FRIEDMAN LLP**

By:   /s/ Andrew K. Glenn
      Andrew K. Glenn
      Joshua N. Paul
      Michelle G. Bernstein
      Frank S. DiCarlo
      1633 Broadway
      New York, New York  10019
      (212) 506-1700
      Email:  aglenn@kasowitz.com
      Email:  jpaul@kasowitz.com
      Email:  mgenet@kasowitz.com
      Email:  fdicarlo@kasowitz.com

*Attorneys for the Ad Hoc Group of Term Lenders listed in Appendix A to Dkt. No. 670*

**HAHN & HESSEN LLP**

By:   /s/ Mark T. Power
      Mark T. Power
      Alison M. Ladd
      488 Madison Avenue
      New York, New York  10022
      Telephone:  (212) 478-7200
      Email:  mpower@hahnhessen.com
      Email:  aladd@hahnhessen.com

*Attorneys for Certain Term Loan Investor Defendants identified on Exhibit 1 to Dkt. No. 788*

9

**DAVIS POLK & WARDWELL LLP**

By: ___/s/ Elliot Moskowitz_____
    Elliot Moskowitz
    Marc J. Tobak
    M. Nick Sage
    450 Lexington Avenue
    New York, New York  10017
    Email:  elliot.moskowitz@davispolk.com
    Email:  marc.tobak@davispolk.com
    Email:  m.nick.sage@davispolk.com

*Attorneys for Certain Term Loan Lender*
*Defendants identified on Exhibit 1 to Dkt. No. 788*

**IT IS SO ORDERED.**

Dated:   August __, 2018
         New York, New York

/**s**/_____
        MARTIN GLENN
    United States Bankruptcy Judge

10

**Exhibit A (Mediation Issues)**

to July 31, 2018 Stipulation and Order Amending and
Superseding Certain Prior Orders Regarding Discovery and Scheduling

| Dispute | Mediation Schedule |
|---|---|
| 1. **Portable/Mobile Assets:** Collateral status of disputed assets that plaintiff argues are non-fixtures because they are portable/mobile | August 7 (initial session) August 29 (follow-up session) |
| 2. **Valuation of Certain New GM Assets with Negative, Zero or Blank eFAST Values:** Valuation of certain assets that have negative, zero, or blank values in GM's eFAST ledger | September 27 (initial session) October 3 (follow-up session) |
| 3. **Intangible Assets:** Collateral status and valuation of disputed assets that plaintiff argues are non-fixtures because they are intangible | September 27 (initial session) October 3 (follow-up session) |
| 4. **Ordinary Building Materials Assets:** Collateral status of disputed assets that plaintiff argues are non-fixtures because they are ordinary building materials or real property | October 16-17 (initial sessions) November 6 (follow-up session) |
| 5. **Classification and valuation of CWIP assets:** Collateral status and valuation of disputed Construction Work in Progress ("CWIP") assets that defendants argue are fixtures | TBD after additional discovery |
| 6. **Saturn Special Tools:** Collateral status and valuation of Saturn Special Tools at facilities covered by Saturn UCC-1 | TBD after additional discovery |

11