WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
Telephone:  (212) 403-1000

*Additional Counsel Listed on Signature Pages*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case |
| MOTORS LIQUIDATION COMPANY, *et al.*, | : | Case No. 09-50026 (MG) |
| Debtors. | : | (Jointly Administered) |
| MOTORS LIQUIDATION COMPANY AVOIDANCE ACTION TRUST, by and through the Wilmington Trust Company, solely in its capacity as Trust Administrator and Trustee, | : | Adversary Proceeding<br><br>Case No. 09-00504 (MG) |
| Plaintiff, | : | |
| vs. | : | |
| JPMORGAN CHASE BANK, N.A., individually and as Administrative Agent for Various Lenders Party to the Term Loan Agreement described herein, *et al.*, | : | |
| Defendants. | : | |

**TERM LENDERS' RESPONSE TO PLAINTIFF'S**
**STATEMENT OF MATERIAL FACTS REGARDING**
**ASSETS LOCATED AT GM SHREVEPORT ASSEMBLY**

Pursuant to Rule 7056-1(c) of the Local Rules for the United States Bankruptcy

Court for the Southern District of New York, Defendant JPMorgan Chase Bank, N.A.

("JPMorgan") and the other signatory defendants (other than Continental Casualty Company, the

"Term Lenders") respectfully submit the following responses to *Plaintiff's Statement of*

*Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment on Certain Assets Located in the Shreveport Plant* (the "AAT's Rule 7056-1 Statement") [Adv. Pro. Docket No. 1091].

## OBJECTIONS AND RESPONSES

**Statement No. 1:** Pursuant to a term loan agreement, dated as of November 29, 2006, and amended as of March 4, 2009, among General Motors Corporation ("Old GM") and a syndicate of bank lenders (the "Term Lenders"), Old GM borrowed approximately $1.5 billion (the "Term Loan"). Declaration of Eric B. Fisher ("Fisher Decl."), Ex. A (Term Loan Agreement) and Adv. Pro. Dkt. No. 962 (Joint Pretrial Order entered on April 19, 2017 ("JPTO")) ¶ 44.[1]

    **Response No. 1:**  Undisputed.

**Statement No. 2:** Defendants are among the over 500 Term Lenders that held interests in the Term Loan as of June 1, 2009. Adv. Pro. Dkt. No. 962 (JPTO) ¶ 45.

    **Response No. 2:**  Undisputed.

**Statement No. 3:** JPMorgan Chase Bank, N.A. ("JPMorgan") was the administrative agent for the Term Loan. Adv. Pro. Dkt. No. 962 (JPTO) ¶ 46.

    **Response No. 3:**  Undisputed.

**Statement No. 4:** To secure Old GM's obligations under the Term Loan, pursuant to a November 29, 2006 collateral agreement (the "Collateral Agreement"), Old GM granted the Term Lenders "a security interest in, all of the following assets and property now owned or at any time hereafter acquired by [GM] or in which [GM] now has or at any time in the future may acquire any right, title or interest (collectively, the "Collateral"), as collateral security for the prompt and complete payment and performance when due. . . ." Fisher Decl. Ex. B (Collateral Agreement, dated November 29, 2006) at Art. II (a) – (d).

    **Response No. 4:**  The Term Lenders respond that the Collateral Agreement speaks for itself and should be read in its entirety, but do not dispute that the quoted language

---

[1] [From the AAT's Rule 7056-1 Statement: "All references to the Adversary Docket are to *Motors Liquidation Company Avoidance Action Trust* v. *JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 09-00504. All references to the Bankruptcy Docket are to *In re: Motors Liquidation Co. f/k/a General Motors Corporation*, Case No. 09-50026."]

appears in the Collateral Agreement.  Collateral Agreement art. II [Adv. Pro. Docket No. 1092-2 at 8].

**Statement No. 5:**   The assets and property identified in the Collateral Agreement included "all Equipment and all Fixtures" and associated documents, general intangibles, books and records, and proceeds and products located at the 42 Old GM facilities identified in Schedule 1 to the Collateral Agreement.  Fisher Decl. Ex. B (Collateral Agreement, dated November 29, 2006) at Art. II and Schedule 1.

**Response No. 5:**   The Term Lenders respond that the Collateral Agreement speaks for itself and should be read in its entirety, but do not dispute that the quoted language appears in the Collateral Agreement.  Collateral Agreement art. II [Adv. Pro. Docket No. 1092-2 at 7-9].  Shreveport Assembly is one of the 42 Old GM facilities identified in Schedule 1 to the Collateral Agreement.  *Id.* sched. 1 [Adv. Pro. Docket No. 1092-2 at 22].

**Statement No. 6:**   As required under the Term Loan Agreement, JPMorgan, as administrative Agent for the Term Lenders, caused a UCC-1 financing statement to be filed with the Secretary of State of Delaware (the "Main Lien").  Adv. Pro. Dkt. No. 1015 (Memorandum Opinion Regarding Fixture Classification and Valuation dated September 26, 2017 (the "Op.")) at 7 (citing JPTO ¶ 48).

**Response No. 6:**   The Term Lenders dispute that the Term Loan Agreement required JPMorgan to file the referenced UCC-1, Collateral Agreement art. VIII [Adv. Pro. Docket No. 1092-1 at 45-48], but do not dispute that JPMorgan caused the referenced UCC-1 to be filed.  The Term Lenders dispute the AAT's characterization of the referenced UCC-1 as the "Main Lien" and further respond that the Term Lenders' lien was also perfected by 26 fixture filings, including a fixture filing covering Shreveport Assembly, as well as a UCC-1 financing statement filed with the Secretary of State of Delaware covering all collateral owned by Saturn Corporation.  Adv. Pro. Docket No. 37-1 at 8-13; Adv. Pro. Docket No. 37-2 at 74-75; Adv. Pro. Docket No. 37-3 at 1-2; Adv. Pro. Docket No. 1015 at 14.

**Statement No. 7:** The Main Lien perfected the Term Lenders' security interest in all the Collateral, as defined in the Collateral Agreement, "now owned or at any time hereafter acquired" by Old GM and its affiliates. Adv. Pro. Dkt. No. 1015 (Op.) at 7 (citing JPTO ¶ 48).

**Response No. 7:** The Term Lenders dispute the AAT's characterization of the referenced UCC-1 as the "Main Lien." The Term Lenders respond that the Collateral Agreement speaks for itself and should be read in its entirety, but do not dispute that the quoted language appears in the Collateral Agreement. Collateral Agreement art. II [Adv. Pro. Docket No. 1092-2 at 8]. The Term Lenders do not dispute that the referenced UCC-1 perfected the Term Lenders' security interest in all the Collateral owned by General Motors Corporation, but respond further that a separate UCC-1 financing statement filed with the Secretary of State of Delaware covered all the Collateral owned by Saturn Corporation. Adv. Pro. Docket No. 37-1.

**Statement No. 8:** JPMorgan also caused fixture filings to be made with respect to 26 of the 42 facilities listed in Schedule 3.12 to the Term Loan Agreement. Adv. Pro. Dkt. No. 1015 (Op.) at 7 (citing JPTO ¶ 50).

**Response No. 8:** The Term Lenders admit that 26 fixture filings were made, but further respond that those fixture filings covered more than 26 of the 42 facilities listed in Schedule 3.12 to the Term Loan Agreement. Adv. Pro. Docket No. 37-2; Adv. Pro. Docket No. 37-3.

**Statement No. 9:** A UCC financing statement pertaining to the Shreveport Plant was filed on February 16, 2007, with the Clerk of Caddo Parish, Louisiana (the "Caddo Parish Fixture Filing"). Fisher Decl. Ex. C (UCC financing statement pertaining to the Shreveport Plant located at 7600 General Motors Boulevard, Shreveport, Caddo Parish, Louisiana) and Ex. D (Louisiana Clerks Remote Access Authority).

**Response No. 9:** The Term Lenders do not dispute that the Caddo Parish Fixture Filing was filed in the Caddo Parish Clerk of Court UCC Registry on February 16, 2007.

**Statement No. 10:**     A copy of the UCC financing statement was also recorded in the Caddo Parish real estate mortgage index.  Fisher Decl. Ex. E.

**Response No. 10:**     The Term Lenders do not dispute that the Caddo Parish Fixture Filing was also filed in the Caddo Parish Clerk of Court Real Estate ("Mortgage") Registry on February 16, 2007.

**Statement No. 11:**     On October 30, 2008, JPMorgan and its counsel erroneously authorized the filing of a UCC-3 termination statement that terminated the Main Lien securing the Term Loan (the "2008 Termination Statement").  Adv. Pro. Dkt. No. 1015 (Op.) at 8-9 (citing *In re Motors Liq. Co.*, 46 B.R. 596, 608-14 (Bankr. S.D.N.Y. 2013), *rev'd* 777 F.3d 100 (2d Cir. 2015)).

**Response No. 11:**     The Term Lenders dispute that JPMorgan and its counsel authorized the filing of the referenced UCC-3, but do not dispute that a UCC-3 that terminated the referenced UCC-1 was filed on October 30, 2008.  The Term Lenders dispute the AAT's characterization of the referenced UCC-1 as the "Main Lien."

**Statement No. 12:**     Old GM used the eFAST database for its fixed asset accounting.  Adv. Pro. Dkt. No. 1015 (Op.) at 16.

**Response No. 12:**     Undisputed.

**Statement No. 13:**     The eFAST database contains asset-specific information about Old GM's assets, including an in-service date for each asset line item.  Adv. Pro. Dkt. No. 1015 (Op.) at 16.

**Response No. 13:**     Undisputed.

**Statement No. 14:**     The in-service date is the date the asset line item was capitalized by Old GM and put into production.  Adv. Pro. Dkt. No. 1015 (Op.) at 16.

**Response No. 14:**     The Term Lenders do not dispute that typically the in-service date on the eFAST ledger is the date an asset line item was put into production.  The Term Lenders dispute that the in-service date is the date that an asset was capitalized by

Old GM.  DX141 at 119 ("Construction Work in Process – Consists of accumulated costs for an asset that has been capitalized, but not yet placed into service by GM as of the Valuation Date.").

**Statement No. 15:**    As of June 1, 2009, the date of Old GM's voluntary Chapter 11 petition, 7,801 asset line items in the Shreveport Plant located at 7600 General Motors Boulevard, Shreveport, Caddo Parish, Louisiana, had an in-service date prior to November 29, 2006, the date of the Collateral Agreement.  Fisher Decl. Ex. F (excerpt of eFAST (June 2009)).

**Response No. 15:**    JPMorgan does not dispute that the June 2009 eFAST ledger produced by New GM shows that, as of June 2009, approximately 7,800 asset line items in the Shreveport Plant had an in-service date prior to November 29, 2006.

Dated:  October 12, 2018  Respectfully submitted,
       New York, New York

**DAVIS POLK & WARDWELL LLP**       **WACHTELL, LIPTON, ROSEN & KATZ**

By:    /s/ Elliot Moskowitz            By:    /s/ Marc Wolinsky
    Elliot Moskowitz                                  Harold S. Novikoff
    Marc J. Tobak                                       Marc Wolinsky
    M. Nick Sage                                        Amy R. Wolf
    450 Lexington Avenue                  51 West 52nd Street
    New York, New York  10017          New York, New York  10019
    Email:  elliot.moskowitz@davispolk.com    Telephone:  (212) 403-1000
    Email:  marc.tobak@davispolk.com        Email:  MWolinsky@wlrk.com
    Email:  m.nick.sage@davispolk.com

*Attorneys for Certain Term Loan Lender*     **KELLEY DRYE & WARREN LLP**
*Defendants identified on Exhibit 1 to*
*Adv. Pro. Docket No. 788*                      By:    /s/ John M. Callagy
                                                          John M. Callagy
                                                          Nicholas J. Panarella
                                                          Martin A. Krolewski

**KASOWITZ BENSON TORRES LLP**       101 Park Avenue
                                                          New York, New York  10178
By:    /s/ Andrew K. Glenn            Telephone:  (212) 808-7800
    Andrew K. Glenn                            Email:  jcallagy@kelleydrye.com
    Joshua N. Paul
    Michelle G. Bernstein
    Frank S. DiCarlo
    1633 Broadway                           **JONES DAY**
    New York, New York  10019
    Telephone:  (212) 506-1700           By:    /s/ C. Lee Wilson
    Email:  aglenn@kasowitz.com            C. Lee Wilson
    Email:  jpaul@kasowitz.com              250 Vesey Street
    Email:  mgenet@kasowitz.com            New York, New York  10281
    Email:  fdicarlo@kasowitz.com           Telephone:  (212) 326-3885
                                                          Email:  clwilson@jonesday.com

*Attorneys for the Ad Hoc Group of Term*
*Lenders listed in Appendix A to Adv. Pro.*    *Attorneys for Defendant JPMorgan Chase*
*Docket No. 670*                                        *Bank, N.A.*

**JONES DAY**

By:    /s/ Bruce Bennett
    Bruce Bennett
    Erin L. Burke
    555 South Flower Street, 50th Floor
    Los Angeles, California 90071
    Telephone: (213) 489-3939
    Email: bbennett@jonesday.com
    Email: eburke@jonesday.com

    Gregory M. Shumaker
    Christopher J. DiPompeo
    51 Louisiana Avenue, N.W.
    Washington, D.C. 20001
    Telephone: (202) 879-3939
    Email: gshumaker@jonesday.com
    Email: cdipompeo@jonesday.com

**MUNGER, TOLLES & OLSON LLP**

By:    /s/ John W. Spiegel
    John W. Spiegel
    Matthew A. Macdonald
    Bradley R. Schneider
    350 South Grand Avenue, 50th Floor
    Los Angeles, California 90071
    Telephone: (213) 683-9100
    Email: john.spiegel@mto.com
    Email: matthew.macdonald@mto.com
    Email: bradley.schneider@mto.com

    Nicholas D. Fram
    560 Mission Street, 27th Floor
    San Francisco, California 94105
    Telephone: (415) 512-4000
    Email: nicholas.fram@mto.com

*Attorneys for the Term Loan Lenders Listed on Appendix A to Adv. Pro. Docket No. 241*

**HAHN & HESSEN LLP**

By:    /s/ Mark T. Power
    Mark T. Power
    Alison M. Ladd
    488 Madison Avenue
    New York, New York 10022
    Telephone: (212) 478-7200
    Email: mpower@hahnhessen.com
    Email: aladd@hahnhessen.com

*Attorneys for Certain Term Loan Investor Defendants identified on Exhibit 1 to Adv. Pro. Docket No. 788*

**ELENIUS FROST & WALSH**

By:    /s/ Daniel M. Hinkle
    Daniel M. Hinkle
    333 S. Wabash Avenue, 25th Floor
    Chicago, Illinois 60604
    Telephone: (312) 822-3307
    Email: daniel.hinkle@cna.com

*Attorneys for Continental Casualty Co.*