**BINDER & SCHWARTZ LLP**
Eric B. Fisher
Neil S. Binder
Lindsay A. Bush
Lauren K. Handelsman
366 Madison Avenue, 6th Floor
New York, New York 10017
Telephone: (212) 510-7008
Facsimile: (212) 510-7299

*Attorneys for the Motors Liquidation
Company Avoidance Action Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

In re:

MOTORS LIQUIDATION COMPANY, f/k/a
GENERAL MOTORS CORPORATION, *et al.*,

                                                       Debtors.

                Chapter 11

                Case No. 09-50026 (MG)
                (Jointly Administered)

------------------------------------------------------------------------x

MOTORS LIQUIDATION COMPANY AVOIDANCE
ACTION TRUST, by and through the Wilmington Trust
Company, solely in its capacity as Trust Administrator and
Trustee,

                                                    Plaintiff,

                  against

JPMORGAN CHASE BANK, N.A., *et al.*,

                                                  Defendants.

                Adversary Proceeding

                Case No. 09-00504 (MG)

------------------------------------------------------------------------x

**PLAINTIFF'S RULE 7056-1(c) COUNTERSTATEMENT
IN OPPOSITION TO TERM LENDERS' MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING FIXTURES AT SHREVEPORT ASSEMBLY**

Pursuant to Rule 7056-1(c) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, plaintiff Motors Liquidation Company Avoidance Action Trust (the "**Avoidance Action Trust**"), through its undersigned counsel, responds to the Rule 7056-1(b) Statement of Undisputed Material Facts of Term Lenders in Support of their Motion for Partial Summary Judgment Regarding Fixtures at Shreveport Assembly and submits this Counterstatement in Opposition to Term Lenders' Motion for Partial Summary Judgment Regarding Fixtures at Shreveport Assembly.

1. Plaintiff does not dispute the statements made in this paragraph.

2. Plaintiff does not dispute the statement made in this paragraph but clarifies that the Collateral Agreement's grant of a security interest in "all Equipment and all Fixtures" was subject to certain limitations set out in the agreement. Among other limitations, the Collateral Agreement provides that, "notwithstanding any of the other provisions set forth in this Article II, this Agreement shall not constitute a grant of a security interest in any asset or property to the extent that:

> (i) such grant of a security interest is prohibited by any Requirement of Law of a Governmental Authority or requires a consent not obtained of any Governmental Authority pursuant to such Requirement of Law;
>
> (ii) such asset or property is subject to a Lien permitted under clause (vii) of Section 6.01(b) of the Credit Agreement and the grant of a security interest in such asset or property is prohibited by, or constitutes a breach or default under or requires any consent not obtained under, any contract, agreement, instrument or document creating such Lien or evidencing or governing the Indebtedness secured by such Lien; or
>
> (iii) in the case of any assets consisting of rights under a contract, agreement, instrument or other document, such grant of a security interest is prohibited by, or constitutes a breach or default under or results in the termination of or requires any consent not obtained under, such contract, agreement, instrument or other document; . . ."

1

Adv. Pro. Dkt. No. 1092 (Declaration of Eric B. Fisher in Support of Plaintiff's Motion for Partial Summary Judgment On Certain Assets Located in the Shreveport Plant, Ex. B (Collateral Agreement) at Article II).

3. Plaintiff does not dispute the statement made in this paragraph, except to the extent it purports to state a legal conclusion regarding perfection.

4. Plaintiff does not dispute that a UCC financing statement pertaining to GM's Shreveport Assembly plant was filed with the Clerk of Caddo Parish, Louisiana (the "Shreveport Fixture Filing") and that the Shreveport Fixture Filing purports to cover "ALL FIXTURES" located on the real estate described in an attachment denominated Exhibit A.

5. Plaintiff does not dispute the statement made in this paragraph.

6. Plaintiff does not dispute the statement made in this paragraph.

7. Plaintiff does not dispute the statement made in this paragraph.

8. Plaintiff does not dispute the statement made in this paragraph.

9. Plaintiff does not dispute the statement made in this paragraph, but clarifies that Plaintiff contends that the filing of the UCC-3 by JPMorgan, as Agent, was also effective to terminate the Delaware UCC-1 as to all Term Lenders. *See* Adv. Pro. Dkt. No. 1086 (Plaintiff's Memorandum of Law in Support of its Motion for Partial Summary Judgment Dismissing the Non-JPMorgan Term Lenders' Effectiveness Defense).

10. Plaintiff does not dispute the statement made in this paragraph and respectfully refers the Court to the entirety of the Court's September 26, 2017 decision in *Motors Liquidation Co. Avoidance Action Tr. v. JPMorgan Chase Bank, N.A. (In re Motors Liquidation Co.)*, Adv. Pro. Dkt. No. 1015 ("September 26, 2017 Decision") for its content.

11. Plaintiff does not dispute the statement made in this paragraph.

12. Plaintiff disputes the statements made in this paragraph on the ground that they purport to state conclusions of law. Plaintiff respectfully refers the Court to the entirety of the September 26, 2017 Decision for its content.

13. Plaintiff does not dispute the statement made in this paragraph.

14. Plaintiff disputes the statement made in this paragraph, because it mischaracterizes the Amended Complaint. Plaintiff respectfully refers the Court to the entirety of the Amended Complaint and the September 26, 2017 Decision for their contents.

15. Plaintiff does not dispute the statement made in this paragraph.

16. Plaintiff disputes the statement made in this paragraph on the ground that it purports to state a conclusion of law. Plaintiff respectfully refers the Court to the entirety of the September 26, 2017 Decision for its content.

17. Plaintiff disputes the statement made in this paragraph on the ground that it purports to state a conclusion of law. Plaintiff respectfully refers the Court to the entirety of the September 26, 2017 Decision for its content.

18. Plaintiff disputes the statement made in this paragraph on the ground that it purports to state a conclusion of law. Plaintiff respectfully refers the Court to the entirety of the September 26, 2017 Decision for its content.

19. Plaintiff does not dispute that neither the Original Complaint nor the Amended Complaint referenced the Shreveport Fixture Filing or Shreveport Assembly by name.

20. Plaintiff does not dispute the statement made in this paragraph.

21. Plaintiff disputes the statement made in this paragraph on the ground that it purports to state a conclusion of law. Plaintiff respectfully refers the Court to the entirety of the September 26, 2017 Decision for its content.

22. Plaintiff disputes the statement made in this paragraph, because the quotations cited do not refer to Shreveport Assembly.[1]

23. Plaintiff does not dispute the statement made in this paragraph.

---

[1] Defendants cite to Adv. Pro. Dkt. No. 29 at 51-54, but the Memorandum of Law in Support of Defendant JPMorgan Chase Bank, N.A. [sic] Motion for Summary Judgment ends at page 49. Plaintiff assumes that Defendants intend to refer to the page numbers in the ECF header.

24. Plaintiff disputes the statement made in this paragraph on the ground that it purports to state a conclusion of law. Plaintiff respectfully refers the Court to the entirety of the September 26, 2017 Decision for its content.

25. Plaintiff disputes the statement made in this paragraph on the ground that it purports to state a conclusion of law. Plaintiff respectfully refers the Court to the entirety of the September 26, 2017 Decision for its content.

26. Plaintiff disputes the statement made in this paragraph, because the Amended Complaint challenges the scope of the Term Lenders' security interest, including but not limited to the Term Lenders' security interest in assets at Shreveport Assembly. Adv. Pro. Dkt. No. 91 (Am. Compl.) at ¶ 601; *see also* September 26, 2017 Decision at 95.

27. Plaintiff disputes the statement made in this paragraph and objects that it is unsupported by any citation to evidence in violation of Fed. R. Civ. P. 56(c)(1), Fed. R. Bank. P. 7056 and Local Rule 7056-1(e). Plaintiff avers that the Amended Complaint challenges the scope of the Term Lenders' security interest, including but not limited to the Term Lenders' security interest in assets at Shreveport Assembly. Adv. Pro. Dkt. No. 91 (Am. Compl.) at ¶ 601; *see also* September 26, 2017 Decision at 95.

28. Plaintiff disputes the statement made in this paragraph and objects that it is unsupported by any citation to evidence in violation of Fed. R. Civ. P. 56(c)(1), Fed. R. Bank. P. 7056 and Local Rule 7056-1(e). Plaintiff avers that the Amended Complaint challenges the scope of the Term Lenders' security interest, including but not limited to the Term Lenders' security interest in assets at Shreveport Assembly. Adv. Pro. Dkt. No. 91 (Am. Compl.) at ¶ 601; *see also* September 26, 2017 Decision at 95.

| | |
|---|---|
| Dated: October 12, 2018<br>New York, New York | **BINDER & SCHWARTZ LLP**<br><br>/s/ Eric B. Fisher<br>Eric B. Fisher<br>Neil S. Binder<br>Lindsay A. Bush<br>Lauren K. Handelsman<br>366 Madison Avenue, 6th Floor<br>New York, New York 10017<br>Tel: (212) 510-7008<br>Facsimile: (212) 510-7299<br><br>*Attorneys for the Motors Liquidation*<br>*Company Avoidance Action Trust* |